**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2184
_____

EARL ROBERT VELGER,

Appellant

v.

DARWIN CARR, individually and as Trustee of
LIVE BY FAITH IRREVOCABLE TRUST

_____

On Appeal from the District Court of the Virgin Islands
(Division of St. Thomas)
(D. C. No. 3-10-cv-00042)
District Judge:  Honorable Curtis V. Gomez

_____

Submitted under Third Circuit LAR 34.1(a)
on December 6, 2012

Before:  SMITH, HARDIMAN and ROTH, Circuit Judges

(Opinion filed:  August 7, 2013)

_____

O P I N I O N

_____

**ROTH**, Circuit Judge:

Earl Robert Velger appeals the District Court's March 29, 2012, order dismissing

this case for lack of subject matter jurisdiction.  We have jurisdiction to review the

District Court's order pursuant to 28 U.S.C. § 1291, and we exercise plenary review over a dismissal for lack of subject matter jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

This case involves Velger's state law claims against Darwin Carr, "individually and as trustee of the Live By Faith Irrevocable Trust." Velger argues that the District Court erred because there was complete diversity of citizenship between Velger and Carr. We agree. United States district courts have original jurisdiction over civil actions that are between citizens of different states and exceed $75,000 in controversy. 28 U.S.C. § 1332(a). For diversity of citizenship to confer federal jurisdiction it must be complete: no plaintiff can be a citizen of the same state as any defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). "A natural person is deemed to be a citizen of the state where she is domiciled," *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008), and "domicile" is residency with the intent to remain. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Here, it is undisputed that Velger is a citizen of Michigan and Carr is a citizen of the Virgin Islands. This constitutes complete diversity, and the District Court had jurisdiction to hear the case, which it was obliged to exercise. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).[1]

The District Court's determination that it lacked jurisdiction was based on its

---

[1] While we note that Carr has died since this appeal was filed, this does not affect our analysis. *See McCann*, 458 F.3d at 286 ("If a party is deceased, 'the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.'" (quoting 28 U.S.C. § 1332(c)(2))).

2

conclusion that the defendant was the Live By Faith Irrevocable Trust (Trust), rather than Carr in his individual capacity or as a trustee of the Trust. For purposes of diversity jurisdiction, "the citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust." *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007). Because one of the Trust's beneficiaries is a citizen of Michigan, the District Court found that the Trust was a citizen of Michigan, destroying diversity. *See id.* However, based on our review of the record and Velger's November 16, 2012, letter to this Court, we must conclude that the defendant in this case is Carr individually, not the Trust.[2] We will therefore vacate the District Court's order and remand for further proceedings.

---

[2] Moreover, to the extent Velger sues Carr in his capacity as a trustee of the Trust, the parties may still be diverse and properly before the District Court. "In a suit by or against the individual trustees of a trust, where the trustees possess certain customary powers to hold, manage and dispose of assets, their citizenship, and not that of the trust beneficiaries, is controlling for diversity of citizenship purposes." *Emerald Investors*, 492 F.3d at 200-01 (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980)) (internal quotation marks omitted).